# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1958 | **DATE** | July 20, 2010 |
| **CASE TITLE** | *United States ex rel. Centeno v. Hardy* | | |

**DOCKET ENTRY TEXT:**

The respondent's motion to dismiss [#11] is granted, Mr. Centeno's § 2254 petition [#1] is denied, and the court declines to issue a certificate of appealability. The clerk is directed to issue a Rule 58 judgment and terminate this case from the docket.

■ [ For further details see text below.]

## STATEMENT

Melvin Centeno's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss based on the statute of limitations are before the court.

*Background*

Mr. Centeno was charged with murder and armed robbery, and after a jury trial, was convicted on both counts and sentenced to a term of life imprisonment for murder and a concurrent term of thirty years of imprisonment for armed robbery. The Illinois Supreme Court affirmed his convictions and sentence, and the Illinois Supreme Court denied Mr. Centeno's petition for leave to appeal (PLA) on January 24, 2007. Mr. Centeno did not file a petition for a writ of certiorari with the United States Supreme Court.

The earliest possible date for Mr. Centeno to have filed his petition for state postconviction relief is December 21, 2007 (the date provided by Mr. Centeno in his federal habeas petition), although the state court docket indicates he filed his state postconviction petition on January 10, 2008. The trial court denied relief, and the appellate court affirmed on September 25, 2009. Mr. Centeno asserts that he filed a PLA in

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

"December 2009" but the respondent indicates that the Illinois Supreme Court records do not reflect that Mr. Centeno ever filed a PLA in his state postconviction proceedings.

Mr. Centeno mailed his § 2254 petition to this court on March 24, 2010.

*Discussion*

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). As noted above, the Illinois Supreme Court denied Mr. Centeno's PLA in his direct appeal on January 24, 2007, and Mr. Centeno did not file a petition for a writ of certiorari with the United States Supreme Court. For statute of limitation purposes, if a habeas petitioner does not seek certiorari, his direct appeal concludes ninety days after the state court of last resort denies relief. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). Thus, the one-year statute of limitations would normally have begun to run ninety days after January 24, 2007, which is April 24, 2007.

However, under § 2244(d)(2), a properly filed application for state post-conviction relief tolls the statute of limitations ( *i.e.*, temporarily stops the statute of limitations clock). *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). The best case scenario date for Mr. Centeno to have filed his petition for state postconviction relief is December 21, 2007. This is 240 days from April 24, 2007, which leaves Mr. Centeno with 125 days of his limitations period left.

The Illinois Appellate Court issued its decision on September 25, 2009. Mr. Centeno does not provide any evidence contradicting the state court docket, which indicates he did not file a PLA in his state collateral proceedings. The Seventh Circuit has not yet decided whether a state habeas petitioner is entitled to credit for the time in which he could have, but did not, file a PLA in state postconviction proceedings. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (declining to address whether the time in which an appeal can be filed with a state higher court tolls the statute of limitations if no such appeal is filed). The court will give Mr. Centeno the benefit of the doubt and assume that his state postconviction proceedings terminated upon the expiration of the 35-day period in which he could have filed a PLA in the Illinois Supreme Court after the appellate court affirmed the dismissal of his post-conviction petition. *See* Ill. Sup.Ct. R. 315(b).

Forty-five days after September 25, 2009, is November 9, 2009. As noted above, Mr. Centeno had 125 days of the limitation period left after he finished his state direct proceedings. One-hundred-twenty days after November 9, 2009, is March 14, 2010. Mr. Centeno mailed his § 2254 petition on March 24, 2010. This means that even if the court gives Mr. Centeno every benefit of the doubt in calculating the statute of limitations, his federal habeas petition is still untimely.

Mr. Centano, however, contends that he has set forth a credible claim of actual innocence, because the state court erred when it denied his motion to suppress his confession. According to Mr. Centano, without his confession, the jury lacked any basis to render a guilty verdict. Mr. Centano then reasons that the court may consider this claim because actual innocence is an exception to the statute of limitations and may be raised at any time.

(continued)

Mr. Centeno's actual innocence claim, at its heart, reflects his dissatisfaction with the state court's ruling denying his motion to suppress. He litigated this in his state court proceedings, so his "actual innocence" argument is fundamentally no different from the claim of any other habeas petitioner who feels that the state court got it wrong. If the court accepted Mr. Centeno's argument, it would, therefore, essentially be holding that the statute of limitations in § 2244(d) is irrelevant when a petitioner attempts to challenge his conviction in a federal habeas petition. The court declines to accept Mr. Centeno's invitation to jettison the statute of limitations in such a situation.

In any event, even if this was a proper actual innocence claim, it would still not help Mr. Centeno as the Seventh Circuit has held that claims of actual innocence "must meet the statutory requirement of timely action." *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005), *quoting Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005); *see also Herrera v. Collins*, 506 U.S. 390, 401 (1993) (actual innocence is a gateway to avoid procedural default, not a free-standing claim, as "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence"); *United States ex rel. Davila v. Chandler*, No. 04 C 4112, 2004 WL 2381872 at *6 (N.D. Ill. Oct 15, 2004) ("Actual innocence is a gateway which allows a habeas petitioner to obtain review of otherwise procedurally barred claims, as opposed to a Monopoly-style 'get out of jail free' card"). Mr. Centeno did not present his actual innocence claim until after the statute of limitations had expired.

*Certificate of Appealability*

The court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2254 Cases. Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

The denial of habeas relief in this case turned on a non-constitutional issue (the statute of limitations). The court finds that the statute of limitations issue raised by Mr. Centeno is governed by a straightforward application of directly on-point Seventh Circuit precedent. Accordingly, the court finds that there can be no substantial question regarding the statute of limitations and declines to issue a certificate of appealability.

*Conclusion*

Calculating the statute of limitations applicable to a habeas petition can often be a complex task, especially for an incarcerated pro se litigant. The court thus empathizes with Mr. Centeno's predicament, but finds that his habeas petition is barred by the statute of limitations and that the actual innocence exception is unavailable. The respondent's motion to dismiss [#11] is, therefore, granted and Mr. Centeno's § 2254 petition [#1] is denied. In addition, the court declines to issue a certificate of appealability.